UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, JR.,

       Plaintiff,

CASE NO. 1:11-cv-757

v.

HON. ROBERT HOLMES BELL

BANK OF AMERICA NA, et al.,

       Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Federal Housing Finance Agency's ("FHFA") motion to intervene as an intervenor-defendant. (Dkt. No. 5.)[1] For the reasons that follow, FHFA's motion to intervene will be granted.

On July 30, 2008, Congress passed the Housing and Economic Recovery Act of 2008, ("Act" or "HERA") and established the Federal Housing Finance Agency ("FHFA"). Pursuant to the Act, on September 6, 2008, the Agency's Director appointed the Agency as conservator of the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"). (Dkt. No. 6 at 2.) Under HERA, the FHFA succeeded to "all rights, titles, powers, and privileges of [Fannie Mae and Freddie

---

[1] The docket erroneously marked this motion as resolved by the Court's December 12, 2011, order, which merely encapsulated a stipulated agreement that the intervening state plaintiffs would not oppose FHFA's motion to intervene. While the Court's previous order did not resolve FHFA's motion, the present order now grants FHFA's motion to intervene.

Mac], and of any stockholder, officer, or director of [Fannie Mae and Freddie Mac] with respect to [Fannie Mae and Freddie Mac] and [their] assets." 12 U.S.C. § 4617(b)(2)(A)(i).

On June 22, 2011, Plaintiff filed this action against (among others) the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") alleging misuse of tax exemptions to avoid local real estate transfer taxes. (Dkt. No. 19 at 2.) FHFA was not named as a defendant. FHFA now seeks to intervene, claiming both a statutory right of intervention under HERA and, in the alternative, intervention under either Fed. R. Civ. P. 24(a)(2) or 24(b).

Plaintiff argues that HERA does not grant FHFA a statutory right to intervene in litigation against Fannie Mae or Freddie Mac because the act does not explicitly discuss intervention. However, the Court agrees with Defendants that, given the expansive authority conferred on FHFA as conservator, an express grant of the right to intervene would be superfluous. (Dkt. No. 56 at 2.) The Court agrees with its sister court's recent resolution of this issue in the ongoing parallel case *Oakland County v. Fed. Nat. Mortg. Ass'n*, Case No. 2:11-cv-12666 (E.D. Mich.) and finds that HERA grants FHFA a statutory right to intervene pursuant to Fed. R. Civ. P. 24(a)(1).[2] (Case No. 2:11-cv-12666, Dkt. No. 29.)

Alternatively, even if HERA provided no statutory right to intervene, the Court would permit FHFA to intervene under Rule 24(b), which permits intervention when an intervenor "has a claim or defense that shares with the main action a common question of law or fact."

---

[2] Tellingly, Plaintiff could provide no counterexample to FHFA's claim that no court has ever denied on the merits a request by FHFA to intervene as conservator of Fannie Mae and Freddie Mac.

2

FHFA seeks to intervene to assert authorities and defenses provided by federal law which clearly relate to the main action and in which FHFA has a clear interest as conservator of Fannie Mae and Freddie Mac's assets. Rule 24(b) is to be construed liberally, with doubt resolved in favor of permitting intervention. *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267 (E.D. Mich. 1997). Accordingly,

    **IT IS HEREBY ORDERED** that the Federal Housing Finance Agency's motion to intervene (Dkt. No. 5) is **GRANTED**.


Dated: January 9, 2012                          /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE