UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, JR.,

       Plaintiff,

v.

BANK OF AMERICA N.A.; BAC HOME
LOANS SERVICING, LP; WELLS FARGO
BANK, N.A.; COUNTRYWIDE HOME
LOANS SERVICING, LP; ORLANS
ASSOCIATES, PC; TROTT & TROTT,
PC; FEDERAL NATIONAL MORTGAGE
ASSOCIATION D/B/A FANNIE MAE;
FEDERAL HOME LOAN MORTGAGE
CORPORATION D/B/A FREDDIE MAC;,

       Defendants.
_____/

CASE NO. 1:11-cv-757

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This action was commenced by Curtis Hertel, Jr., who serves as Register of Deeds for Ingham County. Mr. Hertel alleges that Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") improperly claimed exemption from state and county real estate transfer taxes. Mr. Hertel further alleges that the remaining defendants — Bank of America, N.A.; BAC Home Loan Servicing, L.P.; Countrywide Home Loands Servicing, L.P.; Wells Fargo Bank, N.A.; Trott & Trott, P.C.; and Orlans Associates, P.C. — also improperly failed to pay transfer taxes while acting as agents of Fannie Mae and Freddie Mac. Mr. Hertel seeks declaratory relief and damages.

Michigan's Department of the Attorney General and Treasury Department have intervened as Plaintiffs and concurred in Hertel's claims against Fannie Mae and Freddie Mac. The Federal Housing Finance Agency ("FHFA") (made conservator of Fannie Mae and Freddie Mac in 2008) has intervened as a defendant.

This opinion address the motion by Defendants Bank of America, BAC Home Loans Servicing, and Countrywide Loans Servicing ("Bank of America Defendants") (Dkt. No. 29) to dismiss the complaint filed by Plaintiff Hertel on grounds that Hertel is not a proper plaintiff. For the reasons that follow, Defendants' motion will be granted.

I.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In reviewing the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, "that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

2

II.

The Bank of America Defendants argue that Hertel is not a proper Plaintiff in this matter because (1) Mr. Hertel is not authorized to sue as Register of Deeds for Ingham County, and (2) the Michigan tax statutes in question do not create a private right of action.

In Michigan, a governmental entity or officer may only exercise those powers which it or he has been expressly granted. *Citizens for Protection of Marriage v. Board of State Canvassers*, 263 Mich. App. 487, 492 (2004) ("An agency has no inherent power. Any authority it may have is vested by the Legislature, in statutes, or by the Constitution."); *Bandfield v. Wood*, 104 Mich. App. 279, 282 (1981) (quoting *People v. Freedland*, 308 Mich. 449, 457-458 (1944)) (among the requirements for determining whether a position of public employment is a public office is that "the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority"). Additionally, the appropriate method for a County to bring suit is specified by statute: "The board of supervisors of any county by a majority vote of the members-elect may employ an attorney to represent the county in civil matters, whenever the board determines that the prosecuting attorney is unable to properly represent the county." M.C.L. § 45.563(e).

Although Hertel's complaint states that he is bringing this suit as Register of Deeds for Ingham County, he has not pointed to any statutory or other grant power allowing him to do so. Furthermore, Hertel concedes that Ingham County has not authorized him to sue on its behalf. (Dkt. No. 45 at 10.) Thus, regardless of what Plaintiff Hertel listed in the caption

of his complaint, he cannot bring suit in his capacity as Register of Deeds for Ingham County.

Hertel argues that he may nevertheless proceed in this matter as an individual taxpayer. *Id.* ("The Complaint was filed as a taxpayer lawsuit . . . ."). However, taxpayers generally do not have standing to bring lawsuits for unpaid taxes, as this is the province of the government.[1] Taxpayers are not allowed to sue to collect taxes they believe are due absent some statute that expressly allows the taxpayer to file an action. *See Fred Meyer, Inc. v. Casey*, 67 F.3d 1412, 1418 (9th Cir. 1995) (Reinhardt, J., concurring) ("[Plaintiff] plainly confuses the powers of the state with those of the people . . . . The state acts by . . . collecting taxes . . . .").

As there are no express provisions for taxpayer lawsuits in the state and county statutes at issue, Hertel urges the court to find that these tax statutes create an implied individual right of action. A private right of action can be created to redress a statutory violation where the purpose of the statute at issue is:

> (a) to protect a class of persons which includes the one whose interest is invaded, and
> (b) to protect the particular interest which is invaded, and
> (c) to protect that interest against the kind of harm which has resulted, and
> (d) to protect that interest against the particular hazard from which the harm results.

---

[1] Unsurprisingly, this holds true for the state and local taxes at issue in this case. *See* M.C.L. § 205.1(1) (stating that the Department of Treasury is responsible for state tax enforcement); M.C.L. § 211.78 (granting county authority to foreclose in order to enforce delinquent property taxes).

*Gardner v. Wood*, 429 Mich. 290, 302 (1987) (quoting *Longstreth v Gensel*, 423 Mich. 675, 692-693 (1985) (quoting 2 Restatement Torts, 2d, § 286)).

Hertel believes that he can satisfy the requirements for inferring a private right of action because he has suffered "particular harm" from Defendants' failure to pay transfer taxes. (Dkt. No. 45 at 10-15.) Plaintiff argues that:

> as a taxpayer and REGISTER OF DEEDS, [he] has concrete and particularized special injuries in fact that are significantly different than the citizenry at large. HERTEL's family includes young children in state sponsored education programs that rely directly upon tax funds that should have been paid into the state school education fund. Because Defendant has failed to pay the [county transfer] taxes, HERTEL's financial burden is increased to maintain the education levels of his children privately . . . . Furthermore, as Register of Deeds, HERTEL loses access to the CRETT tax funds for the maintenance and improvements to the systems of the Ingham County property recordation department he operates by law, as well as loss of services from local police and fire departments based on the loss of funds normally anticipated from CRETT taxation.

(Dkt. No. 45 at 11.)

Hertel's arguments are unconvincing. Any detriment to public education or police/fire department services resulting from unpaid transfer taxes would apply to all taxpayers, not just Plaintiff. Additionally, any loss of revenue from the transfer taxes do not particularly impact the recordation department which Plaintiff oversees, as the revenue in question goes into a general fund. (Dkt. No. 51 at 6.) Even if the recordation department was particularly harmed, that would not give Hertel standing or a cause of action to sue as an individual taxpayer.

5

Federal courts are generally reluctant to find implied causes of action in state statutes due to federalism concerns. *E.g.*, *Watson v. City of New York*, 92 F.3d 31, 36 (2d Cir. 1996); *Trustees of Boston Univ. v. ASM Commc'n, Inc.*, 33 F. Supp. 2d 66, 75 (D. Mass. 1998). In light of this prudent restraint, and because the Court finds that Plaintiff has not demonstrated any particularized interest or harm, the Court finds no implied right of action allowing Hertel to bring suit as an individual taxpayer for the collection of unpaid transfer taxes.

III.

As Plaintiff is not properly before the Court either as Register of Deeds for Ingham County or as an individual taxpayer, Plaintiff's complaint must be dismissed. Accordingly, the Bank of America Defendants' motion to dismiss (Dkt. No. 29) will be granted. The other motions before the Court addressed to Hertel's claims (Dkt. Nos. 17, 27, 28, 30, 53) are moot. The remaining motions addressing claims and arguments presented by the intervening state plaintiffs will be addressed in a separate forthcoming opinion. An order consistent with this opinion will be entered.

Dated: February 24, 2012  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE