UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, JR., et al.,

        Plaintiffs,

v.

BANK OF AMERICA N.A., et al.,

        Defendants.
_____/

File No. 1:11-CV-757

HON. ROBERT HOLMES BELL

## **OPINION**

This matter is before the Court on the amicus curiae brief filed on March 6, 2012, by Oakland County and Genessee County (collectively, the "Counties"). (Dkt. No. 86.) The Counties, relying on Supreme Court abstention doctrine and the "first-to-file" rule, ask the Court to abstain from ruling on the issue of whether Defendants the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the Federal Housing Finance Authority ("FHFA") are exempt from paying the Michigan real estate transfer tax. For the reasons that follow, this request will be denied.

**I.**

On June 20, 2011, Oakland County and its treasurer, Andrew Meisner, filed suit against Fannie Mae and Freddie Mac in the Eastern District of Michigan, alleging that their

claimed exemptions from the Michigan real estate transfer tax were improper. (Dkt. No. 86, Ex. 1.) Subsequently, FHFA intervened.

Two days later, on June 22, 2011, Plaintiff Curtis Hertel, Jr., Register of Deeds for Ingham County, commenced an action in state court against Fannie Mae, Freddie Mac, and six other defendants. That case was removed to this Court on July 22, 2011. (Dkt. No. 1), and FHFA subsequently intervened (Dkt. No. 65).

A third action was commenced by Genessee County and its treasurer, Deborah Cherry, on November 10, 2011, in the Eastern District of Michigan, as a companion case to the Oakland County suit. (Dkt. No. 86, Ex. 3.) This case was certified as a class action including every county in Michigan except Oakland. (*Id.*)

In all three cases, the Michigan Attorney General and Department of Treasury have intervened as plaintiffs. (Dkt. No. 86, Ex. 3 ¶ 7, Ex. 4; Dkt. No. 61.)

On February 24, 2012, this Court dismissed Plaintiff Hertel and all related motions. (Dkt. No. 82.) The Counties subsequently filed an amicus brief requesting abstention on March 6, 2012.

## II.

The Counties present three factual arguments in favor of abstention: (1) the Oakland County case was filed first; (2) the only parties that matter – the counties and treasurers – will not be bound by this Court's orders;[1] and (3) different and additional arguments have been

---

[1] As part of this argument, the Counties imply that the Attorney General and the Department of Treasury are "not properly joined" and are not "proper parties." (Dkt. No. 86, at 1, 3.) These implications are unfounded. Part of the real estate transfer tax at issue is paid to the state treasury pursuant to M.C.L. § 207.530 (1993), meaning that the state and treasury both have a direct interest in this litigation.

2

raised in the Oakland County and Genessee County cases. While they offer all three arguments as support for the general legal principle of "abstention," the Counties are depending upon the *Colorado River* abstention doctrine and the first-to-file doctrine for legal justification. Neither is applicable to the present case.

### A. Abstention

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). *Colorado River* does permit abstention under certain exceptional circumstances when there is a clear federal policy to avoid piecemeal adjudication. *Id.* at 819; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). "A necessary requirement for application of this *Colorado River* doctrine, however, is the presence of a parallel, state proceeding." *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). *See also Romine v. Compuserve Corp.*, 180 F.3d 337, 339 (6th Cir. 1998).

The parallel proceedings in the present matter are federal, not state as required by *Colorado River*. As a result, *Colorado River* abstention is inapplicable. The Counties offer no other basis for abstention and none applies. All of the recognized Supreme Court abstention doctrines involve state court proceedings. *See Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941) (recognizing the appropriateness of abstention when state

3

court interpretation of state law might obviate the need to decide a federal constitutional question); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (recognizing the appropriateness of abstention when federal court proceedings might interrupt a state administrative process); *Younger v. Harris*, 401 U.S. 37 (1971) (recognizing the appropriateness of abstention when there is a pending state criminal proceeding). Consequently, abstention doctrine does not permit the Court to dismiss the present case, regardless of the three factual arguments the Counties have raised.

    **B. First-to-File**

"The first-to-file rule, while not frequently discussed by this Court, is a 'well-established doctrine that encourages comity among federal courts of equal rank.' " *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004)). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.' " *Id.* (quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001)). However, the first-to-file rule is discretionary: "District courts have the discretion to dispense with the first-to-file rule where equity so demands." *Zide*, 16 F. App'x at 437.

The present proceedings lack nearly identical parties and issues, and none of the Counties' factual arguments go towards establishing the existence of this baseline

requirement. Thus the first-to-file doctrine is also inapplicable to this matter. Moreover, even if the parties and issues were nearly identical, equity does not favor application of the first-to-file rule in this case.

As a starting point, the Court doubts that the first-to-file doctrine is appropriate in situations not involving a "race to the courthouse." The Sixth Circuit has only invoked this doctrine in actions where one party has filed a declaratory judgment action in one district and the other party has filed a legal action for damages in another. *See*, *Certified Restoration*, 511 F.3d 535; *AmSouth Bank*, 386 F.3d at 791 n.8; *Zide*, 16 F. App'x 433. In contrast, in the present case the same defendants, Fannie Mae and Freddie Mac, were sued by two independent sets of plaintiffs in two different federal forums.

Even if the doctrine was appropriate in the absence of a "race to the courthouse," the Counties' argument that the rule should apply in the present case is self-defeating. They first argue that the rule applies because the parties and issues involved are nearly identical. (Dkt. No. 86, at 4.) But then in the next paragraph, the Counties seem to argue that the two proceedings are *not* nearly identical because the Eastern District litigation contains "additional or different reasons and authorities as to why Fannie and Freddie are not exempt from the tax." (*Id.*)

Moreover, the parallel proceedings differ in scope. The litigation before this Court primarily concerns the defendants' state Real Estate Transfer Tax liability, pursuant to M.C.L.§ 207.523 (1993). (Dkt. No. 60, ¶ 2.) In contrast, the proceedings in the Eastern

5

District, in addition to the state tax liability, concern county Real Estate Transfer Tax liability, pursuant to M.C.L. § 207.502 (1993). (Dkt. No. 86, Ex. 2, at 2-3.)

In addition to the different issues presented and the different arguments, there are also different parties involved. While many of the parties overlap, there are six additional defendants in the action before this Court: Bank of America N.A.; BAC Home Loans Servicing, LP; Wells Fargo Bank, N.A.; Countrywide Home Loans Servicing, LP; Orlans Associates, PC; and Trott & Trott, PC. Even after the dismissal of Plaintiff Hertel, the Attorney General and Department of the Treasury have maintained claims against these defendants: "To the extent the other defendants – as grantors of deeds transferring real property – relied on [Fannie Mae, Freddie Mac, and FHFA's] Congressional exemptions from 'all taxation' in not paying the transfer tax, those defendants are also liable for the tax due on such transactions." (Dkt. No. 60, ¶ 8.)

Similarly, both matters concern different plaintiffs. As the Counties point out, none of the individual counties or their treasurers are parties before this Court. While the Counties contend that this points in favor of abstention – because none of these parties will allegedly be bound by a decision of this Court[2] – it actually further illustrates the flaws in the Counties' reliance upon the first-to-file doctrine. Whether the parties in a parallel proceeding will be

---

[2] This result is highly unlikely. The Michigan Supreme Court has held that "while counties have broad authority to sue and settle with regard to matters of local interest, the Attorney General has broad authority to sue and settle with regard to matters of state interest, including the power to settle such litigation with binding effect on Michigan's political subdivisions." *In re Certified Question, Wayne County v. Philip Morris, Inc.*, 638 N.W.2d 409, 414 (Mich. 2002).

bound is irrelevant under the doctrine. Instead, what matters is whether the parties and issues are nearly identical. And with different issues raised in the Eastern District, and different sets of both plaintiffs and defendants, the Counties cannot establish this necessary fact.

But even if the Counties could show that the first-to-file doctrine applied, equity demands the Court not apply it in the present matter. *See Zide*, 16 F. App'x at 437. At the very latest, the Counties were aware of this pending litigation on July 20, 2011. On that date, FHFA intervened in the Oakland County case and discussed the litigation in this Court in an "Other Litigation" section of its brief. (Dkt. No. 90, Ex. A, at 13.) In conjunction with its brief, FHFA attached a copy of the initial complaint in this action and served counsel for Oakland County. (*Id.* at 17.) Since that time, this Court has invested significant time and resources into various motions filed by multiple parties. Yet the Counties waited until March 6, 2012, over seven months after they were made aware of the ongoing litigation, to file their amicus brief.

The Counties' asserted justification for the delay, this Court's recent dismissal of Plaintiff Hertel, is unconvincing. Hertel's claims were substantially the same as those raised in the Oakland and Genessee County cases and those still pending in this case. The Counties offer no explanation as to why Hertel's dismissal was significant to their arguments, and this Court can think of none.

**IV.**

The Counties ask this Court to abstain but offer little in support. The abstention case relied upon, *Colorado River*, is clearly inapplicable to the present situation. The only other

legal justification offered is the first-to-file rule, a rule rarely invoked in the Sixth Circuit and one which is more at home in "race to the courthouse" situations. Even if the Court wanted to supply such a rule, the rule's own terms preclude its application; the parties and issues in the Eastern District proceedings and before this Court are not "nearly identical." Consequently, there is no legal justification for this Court to abstain, regardless of the Counties' factual arguments. The Counties' request that this Court abstain from ruling on the issue of whether Fannie Mae, Freddie Mac, and FHFA are exempt from paying the Michigan real estate transfer tax will be denied.

An order consistent with this opinion will be entered.


Dated: September 13, 2012                 /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE